## Joseph T. Keenan & Sons, Inc. v. Liberty Mutual Insurance Company

*Eugene A. Evans,* for plaintiff.
*Stephen J. McEwen, Jr.,* for defendants.

CATANIA, J., May 10, 1974.—This matter was tried before this court sitting without a jury. The case was originally heard by a board of arbitrators and pursuant to an appeal from the verdict of the arbitrators was heard de novo by this court.

The evidence produced at the time of trial indicated that the central issue to be decided was the interpretation of the insurance policy in which defendant, Doris Trainer, was the insured and defendant, Liberty Mutual Insurance Company, was the insurer. In light of the above, briefs on behalf of the respective parties were submitted to the court on the legal issue regarding the applicability of the insurance policy.

Having had the opportunity to review the briefs of counsel, the court is of the opinion that the insurance policy in question did cover the loss sustained in this case.

Plaintiff rented to defendant, Doris Trainer, an automobile while her car was being repaired. Before executing the lease agreement, Doris Trainer called defendant, Liberty Mutual Insurance Company, at plaintiff's insistence, to determine if she had comprehensive fire and theft insurance. Mrs. Trainer was told by a representative of Liberty Mutual Insurance Company that her policy would cover the leased automobile for fire or theft. Mrs. Trainer did lease the automobile from plaintiff and, subsequently, while the leased automobile was still in her possession, it was stolen. Plaintiff has demanded a return of the auto-

mobile but defendant, Doris Trainer, has been unable to return the same.

The policy in question states, inter alia, as follows:

"Persons Insured

"The following are insured under Part II:

"(a) With respect to an owned automobile,

"(1) The named insured, and

"(2) Any person or organization (other than a person or organization employed or otherwise engaged in the automobile business or as a carrier or other bailee for hire) maintaining, using or having custody of such automobile with the permission of the named insured and within the scope of such permission;

"(b) With respect to a non-owned private passenger automobile, the named insured and any relative while using such automobile, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and provided further that such person is legally liable for loss to such automobile resulting from such use."

Defendant company argues that the automobile being used by Mrs. Trainer fell into the classification of a nonowned private passenger vehicle and that because the loss by theft was not caused by Mrs. Trainer's negligence, plaintiff is barred from a recovery under the terms of the policy.

However, in the definition section of the policy in question wherein "non-owned private passenger automobile" is defined, it states, "non-owned private passenger automobile does not include a temporary substitute automobile . . ."

The specific language of exclusion places the vehicle leased by plaintiff in the classification of an owned automobile being used by the insured, Doris Trainer,

since Mrs. Trainer and no other individual or organization was the person maintaining, using or having custody of the vehicle when the loss was incurred. The loss is, therefore, covered by the policy of insurance by Liberty Mutual Insurance Company.

Accordingly, we enter the following

### ORDER

And now, to wit, May 10, 1974, after a nonjury trial in the above matter and in consideration of the briefs presented by counsel, it is ordered and decreed that a verdict be entered in favor of plaintiff and against defendants, Liberty Mutual Insurance Company and Doris Trainer in the sum of $2,500, plus interest in the sum of $375.